■ CARBON ACTIVATION U. S., INC., Respondent-Appellant, v GENERAL CARBON CORPORATION et al., Appellants-Respondents, and J. MICHAEL BRASSEY et al., Respondents-Appellants. [718

NYS2d 87] —In an action, *inter alia,* to recover damages for breach of contract, conversion, and fraud, the defendants appeal from stated portions of an order of the Supreme Court, Putnam County (Hickman, J.), entered June 17, 1999, and the plaintiff and the additional counterclaim defendants cross-appeal from so much of the same order as denied that branch of their motion which was for summary judgment dismissing so much of the counterclaim of the defendant Cornelius Jakobus Du Plessis as alleged that he had assigned his rights to a certain invention to the plaintiff under duress and without consideration, and sought to recover damages for patent infringement.

Ordered that the appeal is dismissed, for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is reversed insofar as cross-appealed from, and that branch of the motion which was for summary judgment dismissing so much of the counterclaim of the defendant Cornelius Jakobus Du Plessis as alleged that he had assigned his rights to a certain invention under duress and without consideration, and sought to recover damages for patent infringement, is granted; and it is further,

Ordered that the respondents-appellants are awarded one bill of costs.

The defendant Cornelius Jakobus Du Plessis alleges that on June 25, 1995, he was coerced by Michael Brassey, president of the corporate plaintiff, into signing an agreement partially assigning possible patent rights to an invention of his by threatening to have him deported to his native South Africa. At the time, Du Plessis was in this country on a work visa connected to his employment with the corporate plaintiff, and the corporation's principals were sponsoring his family's applications for green cards.

The Supreme Court should have granted that branch of the respondents-appellants' motion which was for summary judgment dismissing so much of Du Plessis' counterclaim as alleged that the assignment agreement was entered into under duress and without consideration. The respondents-appellants made a prima facie showing that Du Plessis was not coerced into signing the assignment agreement and that he received consideration therefor. Specifically, the plaintiff continued to employ Du Plessis for more than a year after the agreement was entered into, did not fire him or arrange to have him deported, and procured and paid for green cards for the entire Du Plessis family (*see, Mencher v Weiss,* 306 NY 1, 8; *Mandel v*

*Liebman,* 303 NY 88, 93). In opposition thereto, Du Plessis failed to raise any material issue of fact.

Du Plessis' claim for $400,000 in damages for the alleged pirating of his invention sounds in patent infringement, and such a claim may be brought only in Federal court (*see,* 28 USC § 1338 [a]). O'Brien, J. P., Santucci, H. Miller and Schmidt, JJ., concur.